UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN JENNINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:94CV1349 CDP |
| | ) | |
| MICHAEL GROOSE, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

In 1988, petitioner was convicted by a jury in Missouri state court on five counts of first degree murder, two counts of first degree assault, one count of first degree robbery, and eight counts of armed criminal action. He was sentenced to life imprisonment without the possibility of parole on the first degree murder, robbery, and armed criminal action convictions, plus fifteen years on each assault conviction, with all sentences to run consecutively. After appealing his convictions and the denial of post-conviction relief to the Missouri Court of Appeals, petitioner filed the instant case for habeas relief under 28 U.S.C. § 2254. I denied habeas relief on July 31, 1997. (Docs. #14 and #15). The Eighth Circuit Court of Appeals denied petitioner's application for certificate of appealability and issued the mandate. (Docs. #23 and #24). Petitioner sought leave to file a successive habeas petition with the Eighth Circuit on April 16, 2004, which was

denied on June 3, 2004. (Doc. # 27). Petitioner now moves to reopen his closed § 2254 case under Fed. R. Civ. P. 60(b)(6).

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). However, a state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. Boyd, 304 F.3d at 814. If the Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion . . . to the Court of Appeals." Id. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 . . . action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion that merely alleges a defect in the integrity of the

habeas proceedings is not a second or successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 535–36 (2005) (Rule 60(b) motion challenging district court's previous ruling on statute of limitations was not the equivalent of a successive habeas petition). A Rule 60(b) motion is also not a successive habeas petition if it "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4. However, a Rule 60(b) motion is a successive petition if it contains a claim, which is defined as an "asserted federal basis for relief" from a judgment of conviction or as an attack on the "federal court's previous resolution of the claim on the merits." Id. at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n. 4. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition.

Petitioner's motion will be denied. Petitioner challenges the Court's ruling that Ground 10 of his habeas petition was not cognizable in habeas proceedings. Ground 10 of petitioner's habeas motion stated as follows:

> The motion court clearly erred in failing to enter specific findings of facts and conclusions of law as to each of the allegations raised by petitioner in his *pro se* motion for postconviction relief, because Missouri Supreme Court Rule 29.15(i) requires the motion court to issue findings of fact and conclusions of law on all issues presented, in that specific findings of fact and conclusions of law are necessary

> for this Court to engage in meaningful review to determine whether the hearing court's judgment was clearly erroneous. Thus, petitioner was denied due process and equal protection of the law to a full and fair hearing as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

(Doc. #3 at 21). In denying this ground for relief, the Court held that petitioner's tenth ground, which asserted "that the motion court's decision was inadequate because it failed to explicitly address the claims petitioner raised in his February 23, 1990, Rule 29.15 motion . . . is [not] an attack on the constitutionality of petitioner's confinement . . . Instead, [this] ground[] [is a] challenge[] to the way proceedings collateral to petitioner's confinement [are] conducted, and such challenges are not cognizable in a petition for writ of habeas corpus." (Doc. #14 at 15).

To the extent petitioner is attempting to challenge this Court's prior determination that this claim is not cognizable in habeas proceedings, this argument -- even if properly before me -- would fail as this claim remains non-cognizable. "Federal habeas courts are only authorized to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Prince v. Bowersox, 2014 WL 4954084, at *16 (W.D. Mo. Oct. 2, 2014) (claims that post-conviction court erred in denying a motion for change of judge and adopting state's proposed findings of fact are not cognizable in federal habeas review as they are collateral to petitioner's

conviction). Although petitioner cites to Martinez v. Ryan, 132 S. Ct. 1309 (2012), in support of his position that this motion is not a successive habeas petition, that case does not apply here because I did not conclude that petitioner's claim was procedurally defaulted. Martinez held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. As petitioner brought no claims of ineffective assistance in his habeas petition (defaulted or otherwise), Martinez is inapposite. Martinez does not hold, as petitioner seems to suggest, that non-cognizable claims may be decided on the merits if a petitioner alleges inadequate assistance of post-conviction counsel. Cognizability and procedural default are two different things. While allegations of ineffective assistance of post-conviction counsel may be sufficient to avoid a procedural bar after Martinez, they cannot permit a court to review a claim that is not cognizable in habeas proceedings. To the extent this argument is properly before me on a Rule 60(b) motion, it is denied. To the extent that it is not, it shall be treated as a successive petition and denied because petitioner has not obtained certification to file a successive motion from the Eighth Circuit.

To the extent petitioner is attempting to argue that Ground 10 -- or any other ground of his habeas petition -- actually raised ineffective assistance of trial counsel claims, he is wrong. Petitioner did not allege any ineffective assistance of

counsel claims in his habeas petition.  Arguing that the post-conviction court erred by not making specific findings of fact on an earlier *pro se* 29.15 motion -- which may have included ineffective assistance of counsel claims -- does *not* amount to bringing ineffective assistance of counsel claims.  To the extent petitioner is now attempting to bring ineffective assistance of counsel claims, petitioner's Rule 60(b) motion shall be treated as a successive petition and denied because petitioner has not obtained certification to file a successive motion from the Eighth Circuit.

To the extent petitioner attempts to assert independent claims that his post-conviction counsel was ineffective for abandoning claims during the post-conviction proceeding, such claims are not cognizable in a federal habeas proceeding, either.  See, Reed v. Norman, 2014 WL 1413536, at *2 n.2 (E.D. Mo. April 11, 2014) ("The Court [in Martinez ] did not hold, as Petitioner appears to argue, that a claim for ineffectiveness of postconviction-relief counsel is an independently cognizable claim.") (internal quotation marks and citation omitted); Yarberry v. Sachse, 2013 WL 3231539, at *5 (W.D. Mo. Jun. 26, 2013) ("If petitioner intends to assert an independent claim of ineffective assistance of post-conviction counsel, petitioner's claim is not cognizable in federal habeas."); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  As petitioner has not obtained

certification to file a successive motion from the Eighth Circuit, petitioner's successive petition will be denied.

Moreover, a motion under Rule 60(b)(6) must be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes "a reasonable time" depends on the circumstances. Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004). Although petitioner argues that an intervening change in the law (Martinez) justifies his lengthy delay in filing this motion, Martinez does not apply to petitioner's case or constitute adequate cause for delay. Because petitioner advances no arguments demonstrating that his Rule 60(b) motion was filed within a reasonable time, to the extent petitioner's motion is treated as a Rule 60(b) motion it will also be denied as untimely filed.

Finally, I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because petitioner has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) [#28] is denied in part and dismissed in part for lack of jurisdiction; the motion is denied to the extent the motion is treated as one brought under Rule 60(b)(6), and dismissed for lack of jurisdiction as a second or successive habeas petition in all other respects.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2015.